IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| WILSON OCHAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-0757 |
| | ) |
| APPLE FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

### ORDER

THIS MATTER comes before the Court on Defendant Apple Federal Credit Union's Motion to Dismiss.

Plaintiff filed a Complaint in this case alleging Defendant discriminated against him in denying him pre-approval for a mortgage loan, and it used a false credit report and credit scores to evaluate his application. Plaintiff brought claims under the Fair Housing Act (FHA), Equal Credit Opportunity Act (ECOA), and Fair Credit Reporting Act (FCRA). The Court dismissed Plaintiff's claims, finding that Plaintiff provided merely conclusory allegations of discrimination that were not sufficient to establish prima face claims under the FHA and ECOA. The Court also found that Plaintiff did not state a claim under the FCRA, as Defendant was not the proper party to bring the FCRA claims against. The Court gave Plaintiff leave to file an amended

1

complaint within twenty-one (21) days from entry of the Order. Plaintiff appealed the Court's Order.

Plaintiff also timely filed an Amended Complaint. The Amended Complaint includes the same FHA, ECOA, and FCRA claims, but it also adds claims for violations of Title VI of the Civil Rights Act of 1964 (Title VI) and 18 U.S.C. § 1014. The Amended Complaint states that the housing discrimination was done by "overpricing the minimum downpayment required, failure to investigate a credit dispute, refusal to submit their mortgage application to the underwriter and failing to issue a statement of credit denial." The Amended Complaint further alleges that Defendant did so with the specific intent to limit Plaintiff's housing opportunity based on a prohibited ground. Defendant filed a Motion to Dismiss seeking to dismiss the Amended Complaint.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Generalized, unsupported assertions are insufficient to state a claim. Id. A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do." Id. at 555 (internal citation omitted). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), this does not relieve pro se litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) still requires pro se plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief."

Defendant now moves to dismiss the claims brought against it in Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Generally, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, the district court does not lose jurisdiction when a litigant files a notice of appeal for an unappealable order. United States v. Jones, 367 F. App'x 482, 484 (4th Cir. 2010) (citing Griggs, 459 U.S. at 58). The Fourth Circuit has made clear

that an order dismissing a complaint with leave to amend is interlocutory and is not appealable. See Groves v. City of Darlington, S.C., 346 F. App'x 965, 966 (4th Cir. 2009) (citing Jung v. K. & D. Mining Co., 356 U.S. 335 (1958)); see also Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993) (holding that dismissals without prejudice are generally not appealable). Because the Court's prior Order left open the case for amendment by Plaintiff, the Court finds that it retains jurisdiction to decide this Motion to Dismiss.

As noted in the prior Order, for FHA and ECOA claims, a plaintiff must state a claim for discrimination by either providing direct evidence of discrimination or indirectly through the burden-shifting McDonnell Douglas framework. Corey v. Sec'y, U.S. Dep't of Hous. & Urban Dev. ex rel. Walker, 719 F.3d 322, 325 (4th Cir. 2013). If a plaintiff attempts to prove his case through the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of discrimination by preponderance of the evidence. To establish a prima facie case for both FHA and ECOA claims, a plaintiff must establish that (1) he is a member of a protected class; (2) he applied for and was qualified for a loan with the defendant; (3) the loan was rejected despite his qualifications; and (4) the defendant continued to approve loans for applications with similar qualifications. Best Med. Int'l,

Inc. v. Wells Fargo Bank, N.A., 937 F. Supp. 2d 685, 969 (E.D. Va. 2013).

Once again, Plaintiff fails to connect the denial of his request for pre-approval to his status in a protected class for his FHA and ECOA claims. Plaintiff merely asserts that Defendant discriminated against him, but simply saying such does not make it so. Plaintiff offers no allegations of direct evidence of discrimination, such as comments made by Defendant's employees indicating a discriminatory rationale for denial, or indirect evidence, such as other applicants with similar qualifications that had their mortgage loans pre-approved by Defendant. Without such allegations, Plaintiff cannot state a claim for discrimination in violation of the FHA or ECOA.

Title VI provides that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Similar to the FHA and ECOA claims, a required element to make a prima facie case under Title VI is that Plaintiff must establish a causal nexus between the harm suffered and plaintiff's membership in a protected class. L.L. v. Evensham Twp. Bd. of Educ., 710 F. App'x 545, 548-49 (3rd Cir. 2017). For the same reasons stated above, Plaintiff provides no direct or indirect evidence of discriminatory intent by Defendant

that would be sufficient to establish a causal nexus. Accordingly, Plaintiff has not stated a claim under Title VI.

Plaintiff similarly fails to state a FCRA claim. As stated in the prior Order, the furnishers of the information and credit reporting agencies may be held liable for failing to assure the accuracy of information on a credit report, not the recipient of the report. Therefore, Defendant is not the proper defendant for such a claim.

Lastly, Plaintiff brings a claim under a criminal statute, 18 U.S.C. § 1014. However, Congress did not create a private cause of action under this statute. Milgrom v. Burstein, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) (citing Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130 (4th Cir. 1987)). With no cause of action, Plaintiff cannot state a claim under the statute. Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED. This case is DISMISSED with prejudice.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 3, 2024

6